## Case No. 6,906.

### HUNTER v. HAYS.

[7 Biss. 362.] [1]

Circuit Court, D. Indiana. Feb., 1877.

#### RENTS OF MORTGAGED PROPERTY.

1. In Indiana the mortgagor of property, being entitled to possession, is entitled to the rents, and if he become a bankrupt his assignee succeeds to the right for the benefit of his unsecured creditors.

2. When mortgaged premises are insufficient to pay a mortgage debt, the mortgagee would be entitled to an order applying the rents to the payment of his debt, but if he makes no demand for the rents, and takes no steps to have the same applied to his debt, the mortgagor can hold them.

[Cited in Teal v. Walker, 111 U. S. 251, 4 Sup. Ct. 425.]

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[This was a bill in equity by J. Smith Hunter against Silas A. Hays, assignee of George W. Beauchamp.]

S. Claypool, Thomas M. Brown, and J. W. Gordon, for plaintiff.

Dye & Harris and William A. Brown, for defendant.

GRESHAM, District Judge. The plaintiff brought suit in the Putnam circuit court against the bankrupt to foreclose a mortgage on a lot in Greencastle and a stock of goods. Subsequently Hunter and others brought other suits in the same court, which were consolidated with the suit to foreclose. On the 19th of February, 1873, Samuel Woodruff was appointed receiver in the cause and took possession of the mortgaged property.

Before the commencement of any of the suits in the state court, a petition was filed in this court to force Beauchamp into bankruptcy, and on the 25th of August, 1873, while the case was pending in the state court, an order of adjudication was entered. On the 29th of October, 1873, Silas A. Hays, who had been appointed assignee, was admitted to answer in the state court, and on the same day by agreement of all parties the suit was transferred to this court.

The receivership was not disturbed until the 5th day of January, 1874, when the receiver settled with the assignee and delivered to him all the assets, including the real estate. Hunter rented the real estate from the receiver shortly after his appointment, and continued in possession, paying rent to both the receiver and the assignee until some time in 1875, when the mortgaged premises were sold.

The master held the mortgage void so far as it related to the goods; that the mortgage should be foreclosed on the real estate, and that the rents which accrued pending the proceedings to foreclose belonged to the assignee of Beauchamp, the mortgagor, and not to Hunter, the mortgagee. The exceptions to the master's report giving the assignee the rents, seem to be the only real controversy in the case. It was conceded in argument that the real estate was at all times insufficient to pay Hunter's claims, and that the general assets were small compared with the debts proved.

Section 1 of an act of the legislature of the state concerning mortgages, approved May 4, 1852 (2 Davis' Ind. St. 333), declares that, "unless a mortgage specially provides that the mortgagee shall have possession of the mortgaged premises, he shall not be entitled to the same." Under this statute the mortgagee cannot maintain an action against the mortgagor for possession, as he might at common law, nor can he compel the tenants in possession, on notice and demand, to account to him for rents.

Woodruff was appointed receiver by agreement of all the parties for the benefit of whomsoever it might concern. The mortgagee made no demand upon either the receiver or the assignee for the rents, nor did he take any steps to have the rents applied to his debt. The receiver was not appointed at the instance of the mortgagee, and for his individual benefit. I think, on the facts of this case, the mortgagee would have been entitled to an order applying the rents to the payment of his debt. In this state, in the absence of such an order, the mortgagor, being entitled to the possession, is entitled to the rent, and if he becomes a bankrupt his assignee succeeds to this right for the benefit of his unsecured creditors. Until the rents are intercepted and applied to the mortgage debt by an order of court they belong to the mortgagor or his representatives; until then the mortgagee has no right to them. Foster v. Rhodes [Case No. 4,981]; In re Bennett [Id. 1,313]. Exceptions overruled.